David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:    323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>ProFrac Holding Corp.,<br><br>Nominal Defendant,<br><br>and<br><br>Farris Wilks,<br><br>Defendant. | **Case No. 26-CV-5274**<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1.      This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2.      Plaintiff is a security owner of PROFRAC Holding Corp. ("ProFrac"), a Delaware corporation with principal offices at 333 Shops Boulevard, Suite 301,Willow Park, TX 76087.

3.      At all times relevant the common stock of PROFRAC was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded under the symbol ACDC on the Nasdaq Global Select Market Nasdaq Texas, LLC facilities located within this district. The sales identified herein were made on that exchange.

4.      This action is brought in the right and for the benefit of PROFRAC which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5.      At all times relevant FASSIS WILKS ("MR. WILKS") was and is a director, president and chief executive officer of PROFRAC.

6.  MR. WILKS has an office or may be found at 17018 Interstate 20, Cisco, TX 76437.

**STATUTORY REQUISITES:**

7.      The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

2

8.     Demand for prosecution was made on June 3, 2025, by e-mail and first-class mail. There has been no response received from PROFRAC, and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

9.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10.   MR. WILKS is deemed to have sold, *inter alia,* 55,204 shares of Common stock of PROFRAC on March 10, 2025, through his sale of 1000 shares of Series A. redeemable convertible preferred stock convertible into that number of shares of common stock

11.   On February 26, 2025, within less than six months of the sales aforesaid, MR. WILKS purchased 338,756 shares of the common stock of PROFRAC.

14.   MR. WILKS realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $24,841. These profits belong to PROFRAC and are recoverable by Plaintiff on its behalf and for its benefit, PROFRAC having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

15.   This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

16.   MR. WILKS, during periods not barred by the statute of limitations

months of each other while a more than 10% beneficial owner of PROFRAC, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

17.  By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of PROFRAC, MR. WILKS realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, PROFRAC

**WHEREFORE**, Plaintiff demands judgment:

a.  Requiring MR. WILKS to account for and to pay over to PROFRAC all short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b.  Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c.  Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
June 23, 2026

Yours, etc.

_____
David López, Esq. (DL-6779)
Miriam Tauber, Esq. (MT-1979)
*Attorneys for Plaintiff*

4